1  LAWRENCE J. HILTON (State Bar No. 156524)
      lhitlon@oneil-llp.com
2  WILLIAM E. HALLE (State Bar No. 150686)
   KATHLEEN A. DONAHUE (State Bar No. 294226)
3  O'NEIL LLP
   19900 MacArthur Boulevard, Suite 1050
4  Irvine, California 92612
   Telephone: (949) 798-0500
5  Facsimile: (949) 798-0511

6  Attorneys for Plaintiff
   STATE BANK OF TEXAS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE BANK OF TEXAS, a Texas state-chartered bank, as successor-in-interest to the original lender,<br><br>Plaintiff,<br><br>v.<br><br>SAM PARABIA, an individual; and PERIN PARABIA, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. **'14CV3031 L    DHB**<br><br>**VERIFIED COMPLAINT FOR JUDICIAL FORECLOSURE ON DEED OF TRUST** |

For its causes of action against Defendants SAM PARABIA and PERIN PARABIA, Plaintiff STATE BANK OF TEXAS, a Texas state-chartered bank, successor-in-interest to Original Lender (as defined below), alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. section 1332(a). As alleged hereinbelow, there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Venue is proper in this District under 28 U.S.C. section 1391(b)(1) in that both Defendants reside in

this District and under 28 U.S.C. section 1391(b)(2) in that the property that is the subject of this action is located within this District.

## THE PARTIES

1. Plaintiff STATE BANK OF TEXAS is a commercial bank chartered under the laws of the State of Texas, having its principal place of business in the City of Dallas, State of Texas, and at all times relevant herein was and is duly licensed to conduct business in the State of California. Plaintiff is exempt from the usury provisions of Article XV, Section 1, of the California Constitution. As alleged hereinbelow, STATE BANK OF TEXAS ("SBT") is the successor-in-interest to The National Republic Bank of Chicago (hereinafter, "Republic Bank") with respect to the loan described below.

2. Defendant SAM PARABIA is an individual whose domicile is located within the City of La Jolla, San Diego County, State of California.

3. Defendant PERIN PARABIA is an individual whose domicile is located within the City of La Jolla, San Diego County, State of California. SAM PARABIA and PERIN PARABIA are collectively referred to herein as the "Borrowers").

4. Plaintiff is unaware of the true names and capacities, whether individual, associate, corporate, or otherwise, of Defendants DOES 1 through 10, inclusive, or any of them, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of this Court to amend this Complaint when the same are ascertained.

5. Plaintiff is informed and believes and, on that basis, alleges that unless otherwise specified each of the Defendants, at all times herein mentioned, was the agent, servant, trustee, principal, employee, and/or joint venturer of the other remaining Defendants, or a purported transferee of rights in the Romero Drive Property (as defined below), and that the acts of each Defendant were within the course and scope of their agency, service, and employment and with the permission

and consent of each other Defendant, and that each Defendant has ratified the conduct of the others.

## THE ROMERO DRIVE LOAN

6. On or about January 5, 2009, Borrowers and Republic Bank entered into that certain "Loan Agreement between Sam Parabia and Perin Parabia to The National Republic Bank of Chicago" for the Romero Drive Property, a true and correct copy of which is attached hereto as Exhibit A.

7. Also on or about January 5, 2009, Perin Parabia and Republic Bank entered into that certain "Pledge and Security Agreement by Perin Parabia," a true and correct copy of which is attached hereto as Exhibit B.

8. Also on or about January 5, 2009, Borrowers executed that certain "Promissory Note (Fixed)" of even date therewith, in the principal sum of $1,000,000, a true and correct copy of which is attached hereto as Exhibit C.

9. On or about January 6, 2009, Borrowers executed that certain "Deed of Trust" (the "Romero Deed of Trust"), which was duly recorded with the San Diego County Recorder's office on January 8, 2009, and a true and correct copy of which is attached hereto as Exhibit D.

10. On or about December 18, 2009, Borrowers and Republic Bank entered into that certain "First Loan Modification and Ratification Agreement Securing Debt in the Amount of $1,3000,000.00 between Sam and Perin Parabia and The National Republic Bank of Chicago" for the Romero Drive Property, a true and correct copy of which is attached hereto as Exhibit E.

11. On or about December 18, 2010, Borrowers and Republic Bank entered into that certain "Second Loan Modification and Ratification Agreement Modifying Deed of Trust Instrument No. 09-8137," a true and correct copy of which is attached hereto as Exhibit F.

12. On or about January 26, 2012, Borrowers and Republic Bank entered into that certain "Third Loan Modification and Ratification Agreement between Sam

and Perin Parabia and The National Republic Bank of Chicago," a true and correct copy of which is attached hereto as Exhibit G.

13. On or about June 25, 2012, Borrowers and Republic Bank entered into that certain "Fourth Loan Modification and Ratification Agreement between Sam and Perin Parabia and The National Republic Bank of Chicago," a true and correct copy of which is attached hereto as Exhibit H.

14. On or about August 18, 2012, Borrowers and Republic Bank entered into that certain "Fifth Loan Modification and Ratification Agreement between Sam and Perin Parabia and The National Republic Bank of Chicago," a true and correct copy of which is attached hereto as Exhibit I.

15. Also on or about August 18, 2012, Borrowers executed that certain "Amended and Restated Promissory Note for $1,456,000.00" (the "Restated Romero Note"), a true and correct copy of which is attached hereto as Exhibit J.

16. On or about October 29, 2012, Borrowers executed that certain "Modification to Deed of Trust Documents Securing Debt in the Amount of $1,456,000.00" (the "Modified Romero Deed of Trust"), which was duly recorded with the San Diego County Recorder's office on November 14, 2012, and a true and correct copy of which is attached hereto as Exhibit K.

17. On or about July 18, 2013, Borrowers and Republic Bank entered into that certain "Sixth Loan Modification and Ratification Agreement between Sam and Perin Parabia and The National Republic Bank of Chicago," a true and correct copy of which is attached hereto as Exhibit L.

18. On or about January 22, 2014, Borrowers and Republic Bank entered into that certain "Seventh Loan Modification and Ratification Agreement between Sam and Perin Parabia and The National Republic Bank of Chicago," a true and correct copy of which is attached hereto as Exhibit M.

## SBT'S ACQUISITION OF THE LOAN AND NOTICE TO BORROWERS

19. Pursuant to that certain "Purchase and Assumption Agreement of All Deposits Among Federal Deposit Insurance Corporation, Receiver of The National Republic Bank of Chicago and State Bank of Texas dated October 24, 2014," a true and correct copy of which is attached hereto as Exhibit N, Plaintiff acquired all of Republic Bank's right title and interest in and to the above-described Loans.

20. By letter dated October 31, 2014, Plaintiff notified Borrowers of their defaults under the Romero Drive Loan and the deadline to cure such defaults. The deadline by which Borrowers were permitted to cure the defaults has lapsed, and Borrowers have failed and refused to cure such defaults. There is now due and owing the under the Romero Drive Loan a sum in excess of $1,471,647.08, with interest continuing to accrue at the default rate of 10.25% per annum.

## FIRST CAUSE OF ACTION

(For Judicial Foreclosure of Romero Property Deed of Trust Against All Defendants)

21. Plaintiff realleges and incorporates herein by this reference as though set forth in full each and every allegation contained in Paragraphs 1 through 20, inclusive.

22. Plaintiff has performed all the conditions, covenants and promises on its part to be performed pursuant to the Romero Drive loan documents, including the Restated Romero Note and the Modified Romero Deed of Trust. Borrowers have defaulted under the terms of the Restated Romero Note and the Modified Romero Deed of Trust, and these defaults occurred and are continuing due to Borrowers' failure to pay the full balance of the Restated Romero Note, which matured on April 18, 2014.

23. As of April 18, 2014, there was due, owing and payable on the Restated Romero Note the principal sum of $1,456,000. Since that date, interest has accrued

at the default rate of 10.25% per annum. As of the date of the filing of this Verified Complaint, the total amount due and owing, including principal and interest, is in excess of $1,471,647.08. The Amended Romero Note also provides for imposition of late charges in the amount of five percent (5%) of any sums not paid within ten (10) days of the due date.

24. Plaintiff seeks an order adjudging that (a) the Modified Romero Deed of Trust be foreclosed, (b) the usual judgment be made for the sale of the Romero Drive Property according to law by an appropriate person appointed by the Court, (c) the proceeds of the sale be applied in payment of the amounts due to Plaintiff, (d) rents, income and profits, if any, be applied in payment of the amounts due to Plaintiff, and (e) defendants and all persons claiming under any title instruments subsequent to the execution and original recordation of the Romero Trust Deed, whether as lien claimants, judgment creditors, persons claiming under junior deeds of trust, purchasers, encumbrances, or otherwise, be barred and foreclosed from all rights, claims, or equity redemption in the Romero Drive Property and every part of the Romero Drive Property when the time for redemption has elapsed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

1. For entry of judgment against SAM PARABIA and PERIN PARABIA, jointly and severally, for the total sum of $1,471,647.08, together with interest at the rate of $408.88 per day from November 8, 2014 to the date of entry of judgment;

2. That Plaintiff be awarded its reasonable attorneys' fees against SAM PARABIA and PERIN PARABIA, jointly and severally;

3. For entry of judgment adjudging that all rights, claims, ownership, liens, titles, and demands of defendants, jointly and severally, are subsequent to and subject to the lien of the Original Romero Deed of Trust, and all modifications thereto;

1    4.   For entry of judgment adjudging that the Modified Romero Deed of
Trust be foreclosed, that the Romero Drive Property be sold according to law by a
levying officer to be appointed by the court, that the proceeds of the sale be applied
in payment of the amounts due to Plaintiff, that SAM PARABIA and PERIN
PARABIA, and all other defendants, and all persons claiming under each of them,
after execution of the Modified Romero Drive Deed of Trust, whether as lien
claimant, judgment creditor, claimant under a junior trust deed, purchaser,
lienholder, or otherwise, be barred and foreclosed from all rights, claims, interests,
or equity of redemption in the Romero Drive Property and every part of the property
when time for redemption has elapsed;

5.   Adjudging that SAM PARABIA and PERIN PARABIA are personally liable for payment of the obligation secured by the Modified Romero Drive Deed of Trust, and that a deficiency judgment may be ordered following proceedings prescribed by law;

6.   Permitting Plaintiff or any parties to this action to become a purchaser at the foreclosure sale;

7.   Directing the levying officer, after the time for redemption has elapsed, to execute a deed to the purchaser of the Romero Drive Property at the sale, and directing that the purchaser be let into possession of the property on production of the levying officer's deed;

8.   For costs of suit herein incurred; and

9.   For any other and further relief as the court may deem proper.

DATED: December 30, 2014

O'NEIL LLP
LAWRENCE J. HILTON
WILLIAM E. HALLE
KATHLEEN A. DONAHUE

By: _____
Lawrence J. Hilton
Attorneys for Plaintiff STATE BANK OF TEXAS

#147279 v1     8     Case No.
VERIFIED COMPLAINT

# VERIFICATION

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I have read the foregoing VERIFIED COMPLAINT FOR JUDICIAL FORECLOSURE ON DEED OF TRUST and know its contents.

I am the Chairman, Chief Executive Officer and President of the State Bank of Texas, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am familiar with the loan file and am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 29, 2014, at Dallas, Texas.


Chan Patel
Print Name of Signatory

[signature]
Signature