LAWRENCE J. HILTON (State Bar No. 156524)
lhilton@onellp.com
ROBERT D. HUNT (State Bar No. 247802)
rhunt@onellp.com
JOHN M. WHELAN (State Bar No. 174928)
ONE LLP
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, California 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff
STATE BANK OF TEXAS

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE BANK OF TEXAS, a Texas state-chartered bank, as successor-in-interest to the original lender,<br><br>Plaintiff,<br><br>v.<br><br>SAM PARABIA, an individual; PERIN PARABIA, an individual, FARZIN MORENA, an individual, CITIZENS BUSINESS BANK, a California corporation; AYER CAPITAL ADVISORS, INC., a New York corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:14-cv-03031-L-DHB<br><br>**DECLARATION OF CHAN PATEL IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS SAM PARABIA, PERIN PARABIA, FARZIN MORENA, AND AYER CAPITAL ADVISORS, INC.**<br><br>Date: November 21, 2016<br>Time: 10:30 a.m.<br>Courtroom: 5B<br><br>Judge: Hon. M. James Lorenz<br><br>**NO ORAL ARGUMENTS UNLESS REQUESTED BY THE COURT** |

I, Chan Patel, declare as follows:

1. I am the Chairman, Chief Executive Officer and President of the State Bank of Texas, a party to this action.

1

**DECLARATION OF CHAN PATEL ISO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

2. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

3. On or about August 18, 2012, Sam Parabia and Perin Parabia ("the Parabia's") executed that certain "Amended and Restated Promissory Note for $1,456,000.00" (the "Restated Romero Note"), a true and correct copy of which is attached to Plaintiff's Verified Second Amended and Supplemental Complaint ("SAC") as Exhibit J.  (*See* Dkt. No. 56-10.)

4. On or about October 29, 2012, the Parabia's executed that certain "Modification to Deed of Trust Documents Securing Debt in the Amount of $1,456,000.00" (the "Modified Romero Deed of Trust"), which was duly recorded with the San Diego County Recorder's office on November 14, 2012, and a true and correct copy of which is attached to Plaintiff's SAC as Exhibit K.  (*See* Dkt. No. 56-11.)

5. Pursuant to that certain "Purchase and Assumption Agreement All Deposits Among Federal Deposit Insurance Corporation, Receiver of the National Republic Bank of Chicago, Chicago, Illinois, Federal Deposit Insurance Corporation and State Bank of Texas" dated October 24, 2014, Plaintiff State Bank of Texas acquired all of the National Republic Bank of Chicago's ("Republic Bank") right, title, and interest in and to all of the relevant loan instruments (including the Restated Romero Note and the Modified Romero Deed of Trust), which are included in the "Loans" listed in Schedule 3.1(n) of that Purchase and Assumption Agreement.  A true and correct copy of that Purchase and Assumption Agreement is attached to Plaintiff's SAC as Exhibit N.  (*See* Dkt. No. 56-14.)

6. State Bank of Texas is the successor-in-interest to Republic Bank with respect to the relevant loan instruments.

2

**DECLARATION OF CHAN PATEL ISO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

7. The Parabia's have defaulted under the terms of the Restated Romero Note and the Modified Romero Deed of Trust, and these defaults occurred and are continuing due to the Parabia's failure to pay the full balance of the Restated Romero Note, which matured on April 18, 2014.

8. As of April 18, 2014, there was due, owing and payable on the Restated Romero Note the principal sum of $1,456,000, not including interest and other fees.

9. As of October 31, 2014, there was due, owing and payable on the Restated Romero Note the principal sum of $1,421,227.12, not including interest and other fees.

10. By letter dated October 31, 2014, Plaintiff notified the Parabia's of their defaults under the Restated Romero Note and set a deadline of November 7, 2014 to cure such defaults. A true and correct copy of that letter is attached hereto as Exhibit A. The deadline by which the Parabia's were permitted to cure the defaults has lapsed, and the Parabia's have failed and refused to cure such defaults.

11. As of February 6, 2015, there was due, owing and payable on the Restated Romero Note the principal sum of $1,421,227.12, not including interest and other fees.

12. On or about April 28, 2015, the Parabia's were provided an advance of $ 13,525.39. Thus, as of that date, there was due, owing and payable on the Restated Romero Note the principal sum of $1,434,752.51, not including interest and other fees.

13. As of the present date, there is still due, owing and payable on the Restated Romero Note the principal sum of $1,434,752.51, not including interest and other fees.

**DECLARATION OF CHAN PATEL ISO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

14. Since November 8, 2014, interest has accrued at the default rate of 10.25% per annum. This default rate of interest is based on the applicable interest rate of 5.25% per annum plus an additional 5% per annum, as specified in the Restated Romero Note. (*See* Dkt. No. 56-10 at Art. 4.)

15. For the period from November 8, 2014 to April 27, 2015, the Parabia's owe Plaintiff interest at the rate of $404.65 per day (*see* Ex. B). This daily amount of interest was calculated by multiplying the principal during that time period, which was $1,421,227.12, by the default rate of 10.25% and then dividing the result by 360.

16. For the period from April 28, 2015 to the date that the Court enters judgment in this case, the Parabia's owe Plaintiff interest at the rate of $408.51 per day. This daily amount of interest was calculated by multiplying the principal during that time period, which is $1,434,752.51, by the default rate of 10.25% and then dividing the result by 360.

17. State Bank of Texas has the original version of the August 18, 2012 Restated Romero Note in its possession. State Bank of Texas will provide the original version of that promissory note to the Court upon request. In the alternative, upon the expiration of the redemption period following the foreclosure, State Bank of Texas will either destroy the original version of that promissory note or mark it with an appropriate legend if it has been satisfied.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 19, 2016 at Dallas, Texas.

*/s/ Chan Patel*

Chan Patel

4

DECLARATION OF CHAN PATEL ISO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2016, I electronically transmitted the foregoing document using the CM/ECF system for filing, which will transmit the document electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies have been served on those indicated as non-registered participants.

                                                        */s/ Robert D. Hunt*
                                                          Robert D. Hunt

# Exhibit A

**THE
NATIONAL REPUBLIC BANK
OF CHICAGO**



1201 West Harrison Street • Chicago, Illinois 60607
Area Code 312/738-4900
Fax 312/738-4944

Sushil Patel
312-738-4225
scpatel@statebnk.com

October 31, 2014

Sam Parabia
7213 Romero Dr.
La Jolla, CA 92037

Re:  The National Republic Bank of Chicago Loan to Sam Parabia
     Loan Number: 6384200

Dear Borrower:

I am the Executive Vice President for State Bank of Texas, new owners of the former National Republic Bank of Chicago ("bank"). I have been advised by the bank that the above-referenced loan has matured with a failure on your part to make final payment when due. **This material breach of loan covenants triggered the default interest rate of 5% above the Applicable Interest Rate of the note. The default rate now accruing on your loan is 10.25% since April 18, 2014.**

**Demand is hereby made upon you to cure your default and bring your loan current on or before November 7, 2014.** The total amount that must be paid is **$1,471,647.08**. Payment must be in full in the form of a certified check made payable to The National Republic Bank of Chicago and received no later than 3:00 p.m. on November 7, 2014 by Mr. Brent Connell, The National Republic Bank of Chicago, 1201 W. Harrison, Chicago, Illinois 60607.

As you can see, this letter is also being sent to the bank's outside counsel. If payment is not made as set forth herein, without further notice or demand, your loan will be accelerated to become immediately due and payable and the bank's outside counsel will immediately initiate legal action to enforce collection of the full amount due. This will include the foreclosure of any real property securing the repayment of the loan and lawsuits against you, the co-maker, and all guarantors.

Sincerely,

Sushil Patel
Executive Vice President
State Bank of Texas

Cc: Perin Parabia, San Marcos Nine Diamonds LLC, Solana Beach Nine Diamonds LLC, Nordahl Nine Diamonds LLC, and outside counsel.