UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE BANK OF TEXAS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SAM PARABIA, *ET AL.*,<br><br>　　　　　　　　　　　Defendants. | Case No.: 14-cv-3031-L-KSC<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION AND (2) GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

Pending before the Court in this action for mortgage foreclosure are Plaintiff's motions for summary adjudication against Defendant Citizens Business Bank (hereinafter "Citizens") and default judgment against Defendants Sam and Perin Parabia ("the Parabias"), Farzin Morena ("Morena") and Ayer Capital Advisors, Inc. ("Ayer"). Citizens filed an opposition to Plaintiff's summary judgment motion, and Plaintiff replied. The Parabias, Morena and Ayer did not file any opposition to Plaintiff's motion for default judgment. The Court decides the matters on the papers submitted without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, Plaintiff's motions are granted.

## I. BACKGROUND

In 2009, National Republic Bank of Chicago ("Republic") extended a home loan to the Parabias for $1 million. The loan was accompanied by a promissory note and secured by a deed of trust ("Deed of Trust") on the property located at 7213 Romero Drive in La Jolla, California ("Property"). Republic and the Parabias modified the loan several times in the ensuing years. In August 2012, the parties entered into their fifth loan modification agreement, and signed an Amended and Restated Promissory Note for $1,456,000. On or about October 29, 2012, they executed a Modification to Deed of Trust Document Securing Debt in the Amount of $1,456,000 ("Modification"). Subsequently, the Federal Deposit Insurance Corporation ("FDIC") took receivership of Republic. On October 24, 2014, Plaintiff acquired all of Republic's deposits, including all rights to the Parabias' loan, promissory note and deed of trust.

Shortly thereafter, Plaintiff filed this action for judicial foreclosure against the Parabias, who were in default. In July 2015, the parties settled. Based on their joint motion, the Court entered a judgment for judicial foreclosure. (Doc. nos. 27 & 28.) On March 1, 2016, a day before foreclosure, Citizens filed a Judgment Lienholder's Objection to U.S. Marshal's Sale, claiming to hold a lien on the Property. (Doc. no. 48). On March 25, 2016, Plaintiff filed a motion to vacate the judgment because, in preparation for the sale, it discovered that Citizens, Morena and Ayer held liens on the Property. (Docs. no. 51 & 53.) The judgment was vacated, and Plaintiff filed the operative Verified Second Amended and Supplemental Complaint for Judicial Foreclosure on Deed of Trust ("Complaint") against the Parabias, Morena, Ayer and Citizens for judicial foreclosure free and clear of junior liens. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Of all defendants named in the Complaint, only Citizens appeared. Defaults were entered against the Parabias, Morena and Ayer. Plaintiff filed the pending motion for default judgment against the non-appearing defendants, and a summary judgment motion against Citizens, seeking a finding that Citizens' lien is junior to Plaintiff's. Although

2

Citizens does not dispute any facts or legal arguments asserted in Plaintiff's summary judgment motion, it opposes based on evidentiary objections.

## II. DISCUSSION

### A. PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. When, as here, "the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." See *C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

If the moving party fails to discharge its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970). If the moving party meets the initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Elect. Indus. Co., Ltd. v Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmoving party must "go beyond the pleadings" and by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

Plaintiff argues it is entitled to summary adjudication that its lien is senior to Citizens'. The Parabias' Deed of Trust was signed and recorded in 2009. (*See* Joint Statement of Undisputed Facts ("Joint Statement") at 1.) The Modification was signed and recorded in 2012. (*See id.* at 2.) Citizens obtained a judgment against the Parabias on January 26, 2014, and recorded the abstract on April 1, 2014. (*Id.*) It stipulated to

these facts. (*Id*.at 1.) "When parties enter into stipulations as to material facts, those facts will be deemed to have been conclusively proved." Ninth Cir. Model Civil Jury Instruction No. ("Model Instr.") 2.2, Comment. To the extent Citizens argues that Plaintiff failed to provide admissible evidence of the foregoing facts, its objections are overruled.

A fact Plaintiff must prove to prevail, which is not included in the Joint Statement, is that Plaintiff is the successor-in-interest to Republic's interests under the Deed of Trust and Modification. The Deed of Trust and Modification are public records recorded with the San Diego County Recorder's Office. Decl. of Chan Patel in Supp. of Pl.'s Mot. for Summ. J. or Partial Summ. J. Against Def. Citizens Nat'l Bank (doc. no. 72-4, "Patel Decl.") Exs. D & L (doc. no. 72-8 & 72-16.) Plaintiff acquired Republic's interest pursuant to the Purchase and Assumption Agreement entered into between the FDIC and Plaintiff as of October 24, 2014 ("Purchase Agreement"). The Purchase Agreement is a public record maintained by the FDIC. (Patel Decl. Ex. O (doc. no. 72-19.) & Pl.'s Req. for Jud. Notice (doc. no. 79-6) Ex. B.) *See* https://www.fdic.gov/bank/individual/failed/nrbc_p_and_a.pdf, last visited Sept. 12, 2017. The Court may take judicial notice of public records, to the extent they are not subject to reasonable dispute. Fed. R. Evid. 201(b); *Lee v. City of Los Angeles,* 250 F.3d 668, 689-90 (9th Cir. 2001). Citizens does not dispute that these documents are public records, nor does it dispute any of their content. "In a civil case, the Federal Rules of Evidence permit the judge to determine that a fact is sufficiently undisputed to be judicially noticed and requires that the jury be instructed that it is required to accept that fact. Fed. R. Evid. 201(f)." Model Instr. 2.3, Comment. The Court therefore takes judicial notice of the Deed of Trust, Modification and the Purchase Agreement. To the extent Citizens objects to this evidence, its objections are overruled.

The Parabias' loan, including the security interest created by the Deed of Trust and Modification, is reflected in the Purchase Agreement Schedule 3.1(n). (Purchase Agreement at 55; *see also* Patel Decl. at 5 & Supp. Decl. of Chan Patel in Supp. of Pl.'s

4

Reply in Supp. of Its Mot. for Summ. J. or Partial Summ. J. Against Def. Citizens Nat'l Bank ("Patel Reply Decl.") at 2-3.) Plaintiff's Chairman, Chief Executive Officer and President Chan Patel has been involved in all aspects of Plaintiff's operations since 1987, participated in the negotiation and drafting of the Purchase Agreement with the FDIC, signed it on Plaintiff's behalf, and verified that the Parabias' loan and security interest were included. (Patel Decl. at 1; Patel Reply Decl. at 1-3; *see also* Purchase Agreement at 49.) Patel's declarations together with the Purchase Agreement provide sufficient admissible evidence to prove that under the terms of the Purchase Agreement Plaintiff acquired the Parabias' loan and security interest created by the Deed of Trust and Modification. To the extent Citizens objects to the proof of these facts, its objections are overruled.

"Other things being equal, different liens on the same property have priority according to their creation ... ." Cal. Civ. Code § 2897. Furthermore, liens that are recorded earlier take priority over subsequently recorded liens. *Id*. § 1214. As Republic's successor in interest, Plaintiff has the same right to foreclose as Republic did. *See* Cal. Civ. Proc. § 725a. Citizens has cited no law and presented no argument to oppose Plaintiff's contention that these rules should apply here. Furthermore, Citizens has not presented any evidence to raise a genuine issue of material fact regarding the priority of Plaintiff's lien.

For the foregoing reasons, Plaintiff's motion for summary adjudication is granted. The Court finds that Plaintiff's lien on the Property is senior to Citizens' lien.

**B.    PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff filed a motion for default judgment against the Parabias, Morena and Ayer, seeking a judgment of judicial foreclosure free and clear of their respective interests in the Property. No opposition was filed.

The Parabias had appeared after they had been served with the original complaint, and stipulated to judicial foreclosure. (*See* docs. no. 27 (Stipulation for Entry of Judgment of Foreclosure and Order of Sale ("Stipulation") and 27-1 (Settlement

Agreement and Mutual Release).) However, the judgment entered based on the settlement was vacated on Plaintiff's request after Plaintiff discovered Citizens', Ayer's and Morena's liens. (*See* docs. no. 53 & 54.) Plaintiff then filed a second amended verified complaint naming these lienholders as additional defendants. (Doc. no. 56.) Although all named defendants, including the Parabias, were served (*see* docs. no. 56 (receipt re: the Parabias), 58 (service on Ayer), 59 (service on Citizens) & 67 (service on Morena)), only Citizens appeared. Plaintiff obtained entry of default against the non-appearing defendants (docs. no. 64-66 & 69), and then filed the pending motion for default judgment. The motion has been served on all defendants. (*See* docs. no. 73 (receipt re: Citizens & the Parabias), 77 (service on Ayer), 78 (service on Morena).) None of the defendants is a minor, incompetent, in military service, or otherwise exempt under the Soldiers' and Sailors' Civil Relief Act of 1940. (Decl. of Lawrence J. Hilton in Supp. of Pl.'s Mot. for Entry of Default J. Against Defs. Sam Parabia, Perin Parabia, Farzin Morena, and Ayer Capital Advisors, Inc. ("Hilton Decl.") at 3.)

Pursuant to Federal Rule of Civil Procedure 55(b), a court may order default judgment following the entry of default by clerk. Entry of default does not automatically entitle a plaintiff to a default judgment. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986). The Court may enter a default judgment based on consideration of the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Under *Eitel*, among other things, the Court may consider the merits of Plaintiff's claim, the sufficiency of the complaint and the possibility of a dispute concerning

material facts. *Id*. at 1471. These factors require that a plaintiff "state a claim on which [he or she] may recover." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002), citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Plaintiff seeks a judgment of judicial foreclosure and order of sale against the Parabias for the principal and interest owing on their loan, the costs of foreclosure, attorneys' fees and costs, and post-judgment interest. As discussed in the context of the summary judgment motion, Plaintiff has shown that it has a valid lien on the Property which is senior to Citizens' lien. In the Complaint, Plaintiff alleges that the Parabias defaulted on their loan on their loan secured by the Deed of Trust and Modification, and that Morena and Ayer hold junior liens. (Compl. at 5.) The Court takes judicial notice of the Parabias' Stipulation filed in this action, wherein they admit they had defaulted and stipulated to the principal and interest amounts owing, that Plaintiff is entitled to attorneys' fees, costs and interest on the judgment, and has the right to obtain judicial foreclosure. Accordingly, no genuine dispute of material fact precludes granting default judgment. *See Pepsico*, 238 F. Supp. 2d at 1177.

Under *Eitel*, the Court may also consider whether the default was due to excusable neglect. 782 F.2d at 1472. Although all defendants were served, the Parabias, Morena and Ayer did not respond to the most recent Complaint or to the pending motion for default judgment. Ayer contacted Plaintiff and indicated it did not intend to file an answer. (Hilton Decl. at 3.) With the exception of Citizens, none of the Defendants have indicated in any way their intent to defend against the most recent Complaint. The Court therefore has no reason to conclude their default was due to excusable neglect.

The Court next considers the policy favoring decision on the merits and whether Plaintiff will suffer prejudice if default judgment is not entered. *Eitel*, 728 F.2d at 1471-72. Cases should be decided on the merits whenever reasonably possible. *Id*. at 1472.

However, the mere existence of Rule 55(b) indicates that this policy, standing alone, is not dispositive. *Pepsico*, 238 F. Supp. 2d at 1177. Failure to participate makes a decision on the merits impractical, if not impossible, with respect to the defaulting defendants. Furthermore, allowing a party to halt the adversary process would prejudice the plaintiff by causing interminable delay and continued uncertainty. *See H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970). For the foregoing reasons, default judgment is appropriate against the non-appearing defendants.

In addition to foreclosure, Plaintiff requests attorneys' fees and costs. The Deed of Trust provides that "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence." (Patel Decl. Ex. D (Deed of Trust) § 22.) In addition, California law allows the Court to order "the application of the proceeds of the sale to the ... attorney's fees as the court shall find reasonable, not exceeding the amount named in the mortgage." Cal. Code Civ. Proc. § 726(a). Plaintiff requests $80,117.35 for attorneys' fees and $12,789.55 for expenses incurred since the inception of this case. (Second Supp. Decl. of Lawrence J. Hilton in Supp. of Pl.'s Mot. for Entry of Default J. Against Defs. Sam Parabia, Perin Parabia, Farzin Morena, and Ayer Capital Advisors, Inc. at 2-3.) Upon review of the billing records, including the billing rates and number of hours (*id.* Exs. 1-3), the Court finds that the request is reasonable.

Based on the foregoing, Plaintiff's motion for default judgment is granted.

## III. ORDER

For the reasons stated above, it is ordered as follows:

1. Plaintiff's motion for summary adjudication against Defendant Citizens Business Bank and Plaintiff's motion for default judgment against Defendants Sam Parabia, Perin Parabia, Farzin Morena, and Ayer Capital Advisors, Inc. are granted.

2. Plaintiff State Bank of Texas's Deed of Trust dated January 5, 2009, which was duly recorded with the San Diego County Recorder's office on January 8, 2009 as

Document # 2009-0008137 (hereinafter "Deed of Trust"), and Plaintiff State Bank of Texas's Modification to Deed of Trust Document Securing Debt in the Amount of $1,456,000.00, dated August 18, 2012, which was duly recorded with the San Diego County Recorder's office on November 14, 2012 as Document # 2012-0709195 (hereinafter "Modification"), are both senior to and take priority over Defendant Citizens Business Bank's judgment lien, which was duly recorded with the San Diego County Recorder's office on April 1, 2014 as Document # 2014-0126044.

3. Upon judicial foreclosure sale, confirmation of the sale, and after the time allowed by law for redemption has expired, Defendant Citizens Business Bank will be forever barred and foreclosed from all equity of, redemption in, and claim, right or interest in, the property that is the subject of this action.

4. The property that is the subject of this action is defined as

> ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS: LOT 6 IN BLOCK "E" OF LA JOLLA COUNTRY CLUB HEIGHTS, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 1975, FILED IN THE OFFICE THE COUNTY RECORDER OF SAN DIEGO, DECEMBER 21, 1926, Common Address: 7213 Romero Drive, La Jolla, California, PIN: 352-262-02 (hereinafter "Property").

5. Judgment shall forthwith be entered for Plaintiff State Bank of Texas against Defendants Sam Parabia and Perin Parabia, jointly and severally, as herein provided.

6. Defendants Parabia are indebted, jointly and severally, to Plaintiff State Bank of Texas as follows:

    a. principal in the amount of $1,434,752.51;

    b. interest at the rate of $404.65 per day for the period from November 8, 2014 to April 27, 2015, and at the rate of $408.51 per day for the period from April 28, 2015 to the date of entry of this Judgment;

|   |   |   |
|---|---|---|
| 1 | c. | the actual costs of foreclosure to be determined after the sale; |
| 2 | d. | attorneys' fees and costs in the amount of $92,906.90; and |
| 3 | e. | interest at the rate of ten percent (10%) per annum from the date of entry of judgment. |

7. The Deed of Trust and the Modification (described in Paragraph 2 above) shall be foreclosed.

8. The Property (described in Paragraph 4 above) may be sold in the manner prescribed by law. The United States Marshal for the Southern District of California is directed to conduct the sale, if any.

9. The Property will be sold, at a minimum, for the amount adjudged due by Defendants Parabia to Plaintiff State Bank of Texas, together with the costs of the sale and daily post-judgment interest as set forth in Paragraph 6 above, which the United States Marshal is hereby authorized to include in the manner prescribed by law.

9. Pursuant to California Code of Civil Procedure § 701.540, the United States Marshal shall give Defendants Parabia a notice of the sale not less than twenty (20) days before the date of sale, and to all persons having liens on the Property on the date of the levy not less than twenty (20) days before the date of sale. However, pursuant to California Code of Civil Procedure § 701.545, such notice may not be given until the expiration of one hundred and twenty (120) days after the date when notice of levy on the interest in the Property is served on Defendants Parabia.

10. Following the sale, the United States Marshal shall deposit the proceeds of the sale with the Court.

11. If any surplus remains after the payments specified in Paragraph 6 above are made, the surplus shall be distributed to those persons or entities entitled to the surplus, or any portion thereof, and in the manner prescribed by California Code of Civil Procedure §§ 701.820, 701.830 and 727.

12. The Court retains jurisdiction to determine the amount of any deficiency after the sale in accordance with § 726(b) of the California Code of Civil Procedure, and to enter a deficiency judgment, if any, against Defendants Parabia.

13. Upon confirmation of the sale and after the time allowed by law for redemption has expired:

    a. The United States Marshal for the Southern District of California is directed to execute a Deed of Sale to the purchaser, who may then take possession of the Property, with the assistance of the United States Marshal for the Southern District of California, if necessary; and

    b. Defendants Parabia, and all persons claiming from or under them, or any of them, all persons and their personal representatives having liens subsequent and subordinate, inferior and/or junior to Plaintiff State Bank of Texas's Deed of Trust by judgment, decree, or otherwise on the Property, all persons and their heirs, or personal representatives having any lien or claim by or under such lien, judgment or decree, all persons claiming under them, and all persons claiming to have acquired any estate or interest in the Property after the recording of the Deed of Trust are forever barred and foreclosed from all equity of, redemption in, and claim, right or interest in, the Property from and after delivery of the Deed of Sale by the United States Marshal.

14. The Clerk is directed to enter Judgment forthwith.

**IT IS SO ORDERED.**

Dated: September 15, 2017

_/s/ M. James Lorenz_
Hon. M. James Lorenz
United States District Judge