UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE BANK OF TEXAS,<br><br>         Plaintiff,<br><br>v.<br><br>SAM PARABIA, *ET AL.*,<br><br>         Defendants. | Case No.: 14-cv-3031-L-KSC<br><br>**ORDER OVERRULING DEFENDANT PERIN PARABIA'S OBJECTION TO JUDICIAL FORECLOSURE SALE** |

  By order filed September 15, 2017, the Court granted Plaintiff's motions for default judgment against Defendants Sam and Perin Parabia, Farzin Morena ("Morena") and Ayer Capital Advisors, Inc. ("Ayer"), thus allowing judicial foreclosure sale of the residence owned by Defendants Parabia to go forward. (Order (1) Granting Plaintiff's Motion for Summary Adjudication and (2) Granting Plaintiff's Motion for Default Judgment, filed Sep. 15, 2017 (doc. no. 84 (the "September 15 Order"))). Pending before the Court is Perin Parabia's[1] Objection to U.S. Marshal's Sale ("Objection"). The Court ordered briefing. Plaintiff filed a response, and Objector replied. For the reasons stated below, the Objection is overruled.

---

[1]  For clarity, as only Perin Parabia filed an objection, she is referred to herein as the Objector.

1

## I. BACKGROUND

In 2009, National Republic Bank of Chicago ("Republic") extended a home loan to the Parabias for $1 million. The loan was accompanied by a promissory note and secured by a deed of trust ("Deed of Trust") on the property located at 7213 Romero Drive in La Jolla, California ("Property"). The Property is Objector's residence. The Federal Deposit Insurance Corporation ("FDIC") took receivership of Republic. On October 24, 2014, Plaintiff acquired Republic's assets from the FDIC, including all rights to the Parabias' loan, promissory note and deed of trust.

Shortly thereafter, Plaintiff filed this action for judicial foreclosure against the Parabias, who were in default. In July 2015, the parties settled. On July 7, 2015, they filed a Stipulation for Entry of Judgment of Foreclosure and Order of Sale ("Stipulation"), together with the underlying Settlement Agreement and Mutual Release ("Settlement") (*See* doc. no. 27 & 27-1.) The Court approved the Stipulation and entered Order Granting Joint Motion for Judgment of Foreclosure and Order of Sale. (Doc. no. 28.)

On March 1, 2016, a day before foreclosure, Citizens Business Bank ("Citizens") filed a Judgment Lienholder's Objection to U.S. Marshal's Sale, claiming to hold a lien on the Property. (Doc. no. 48). On March 25, 2016, Plaintiff filed a motion to vacate the judgment because, in preparation for the sale, it discovered that in addition to Citizens, Morena and Ayer also held liens on the Property. (Docs. no. 51 & 53.) The judgment was vacated, and Plaintiff filed the Verified Second Amended and Supplemental Complaint for Judicial Foreclosure on Deed of Trust ("Second Amended Complaint") against the Parabias, Morena, Ayer and Citizens for judicial foreclosure free and clear of junior liens. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Of all Defendants, only Citizens appeared in response to the Second Amended Complaint. Defaults were entered against the Parabias, Morena and Ayer. Plaintiff filed a motion for default judgment against the non-appearing Defendants, and a summary judgment motion against Citizens, seeking a finding that Citizens' lien is junior to

2

Plaintiff's. On September 15, 2017, the motions were granted. The Court found that Plaintiff held a lien senior to the Citizens' lien, and entered default judgment against the remaining Defendants. This allowed Plaintiff to seek a writ of execution and proceed with the U.S. Marshal's sale.

On November 13, 2017, Perin Parabia filed the Objection, requesting that the default and judgment of sale be set aside pursuant to Federal Rules of Civil Procedure 55(c) and 60(b). She claims that she was not aware of the Settlement and Stipulation, that her signature on those documents was forged, and that she did not know about the Second Amended Complaint, entry of default or the default judgment. (Decl. of Perin Parabia dated Nov. 10, 2017 ("Obj. Decl.") & Decl. of Perin Parabia dated Dec. 4, 2017 ("Reply Decl.") at 1-2.) She claims that she learned of the impending U.S. Marshal's sale only when she was served with the notice of levy on November 2, 2017, and that she learned of the Settlement, Stipulation and the Second Amended Complaint only after she retained new counsel. (Reply Decl. at 1-2.) She claims that her former counsel, Quintin Shammam failed to keep her informed of the status of the case.

## II.   DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that the court "may set aside a final default judgment under Rule 60(b)." Objector argues the default judgment against her should be set aside under Rule 60(b)(1) for surprise and excusable neglect,[2] and under Rule 60(b)(3) for fraud.

---

[2]  Objector raises excusable neglect for the first time in her reply brief. Similarly, she suggests for the first time in her reply that not only was her signature on the Stipulation a forgery, but her signature on the underlying Settlement was also forged. (*See, e.g.,* Reply Decl. ¶3 ("forged Settlement Agreement and Mutual Release") & ¶10 ("fabricated settlement agreement").) It is inappropriate to raise new issues in the reply, because it deprives the opposing party of an opportunity to respond. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.") The Court nevertheless considers

3

### A. Surprise and Excusable Neglect

The Objection is based in part on Rule 60(b)(1), which provides in pertinent part that "the court may relieve a party . . . from a final judgment . . . for [¶] mistake, inadvertence, surprise or excusable neglect." Objector argues she "was surprised and shocked to discover that her signature was forged and furthermore that it had resulted in an order that lead [*sic*] to a Default Judgment." (Objection at 4.) She claims that she did not learn of the Stipulation until after she was served with the notice of levy (*id.*), and argues she was surprised to discover this case, and failed to respond, because she did not know about it until she had retained new counsel (Reply at 2-3, 6). She claims that her former attorney failed to keep her informed (*id.* at 6), and contends she "is a very busy physician with little time go into legal documents in any depth," and, to the extent she was negligent, her neglect is excusable (i*d.* at 9).

"A district court has the discretion to deny a Rule 60(b)(1) motion . . . if (1) the defendant's culpable conduct led to the default, (2) the defendant has no meritorious defense, or (3) the plaintiff would be prejudiced if the judgment is set aside." *Meadows v. Dominican Rep.,* 817 F.2d 517, 521 (9th Cir. 1987) (citations omitted); *see also United States v. Aguilar*, 782 F.3d 1101, 1105 (9th Cir. 2015). "This standard is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Aguilar*, 782 F.3d at 1105 (internal quotation marks, ellipses and citations omitted); *see also Meadows,* 817 F.2d at 521. Although "default judgments are the exception, not the norm, and should be viewed with great suspicion," the foregoing factors balance "the competing interests in assuring substantial justice and in protecting the finality of judgments that underlies Rule 60(b)(1)." *Aguilar*, 782 F.3d at 1106 (internal quotation marks and citation omitted). Objector bears the

---

the new arguments. No prejudice results to Plaintiff from addressing them at this time, as they do not alter the outcome.

burden to show why the factors favor setting aside a default judgment. *See Franchise Holding II, LLC v. Huntington Rest. Group., Inc.,* 375 F.3d 922, 926 (9th Cir. 2004).

Objector does not contend that had default judgment not been entered, she would have a defense to judicial foreclosure. The Objection does not deny that Objector entered into a mortgage loan secured by the Property, defaulted on the loan, and owes money to Plaintiff. "[C]onsistent with the principle that the burden on a party seeking to vacate a default judgment is not extraordinarily heavy [, a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Aguilar*, 782 F.3d at 1107 (internal quotation marks and citations omitted). If, as here, "the defendant presents no meritorious defense, then nothing but pointless delay can result from reopening the judgment." *Id.* at 1106 (internal quotation marks and citation omitted). The court "may deny relief under Rule 60(b)(1) when the moving party has failed to show that she has a 'meritorious defense.'" *Id.* at 1107 (internal quotation marks and citation omitted); *see also NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 616 (9th Cir. 2016). The Objection is therefore overruled for lack of meritorious defense.

Alternatively, Objector's Rule 60(b)(1) argument is based on surprise that there was a federal lawsuit pending against Objector and that a default judgment had been entered. The Objection is based on the premise that the default judgment was entered based on the Stipulation, which Objector claims contains her forged signature. (*See* Reply at 8.) Contrary to the argument, the default judgment was based on all factors specified in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The Court considered the Stipulation in connection with the merits of Plaintiff's claim and the possibility of a dispute concerning material facts. (*See* September 15 Order at 7.) The Court would have reached the same conclusion without referencing the Stipulation, based on the allegations in the Second Amended Complaint, which are largely supported by the evidence Plaintiff presented with its summary judgment motion against Citizens. *See Tele-Video Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to

5

the amount of damages).  Furthermore, Objector does not contend she has a defense to Plaintiff's claims.  Default judgment therefore does not depend on the validity of the Stipulation.

In addition, Objector claims she was surprised a lawsuit was pending against her.  She does not dispute that she was personally served with the first amended complaint.  (*See* doc. no. 7 (Proof of Service).)  Objector's contention that she was surprised about the existence of this case is therefore contradicted by the record.  She also blames her former counsel, who allegedly failed to keep her informed.  "As a general rule, parties are bound by the actions of their lawyers," and not even "alleged attorney malpractice . . . provide[s] a basis to set aside a judgment pursuant to Rule 60(b)(1)."  *Casey v. Albertson's,* 362 F.3d 1254, 1260 (9th Cir. 2004) (citations omitted).  To the extent the Objection is based on Rule 60(b)(1), it is overruled.

### B. Fraud

The Objection is alternatively based on fraud.  Objector explains she "is seeking relief based upon fraud, relating to the forged signature on the Stipulated Judgment."  (Reply at 4; *see also* Objection at 3.)  She elaborates that "it is possible that her former attorney and/or her brother [Defendant Sam Parabia] had something to do with this fraudulent transaction."  (Reply at 5.)  Objector does not implicate Plaintiff in the alleged fraud.

Objector seeks to set aside the judgment pursuant to Rule 60(b)(3), which provides in pertinent part, "the court may relieve a party . . . from a final judgment . . . for [¶] fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  In addition, to prevail, Objector must prove that the alleged fraud "prevented [her] from fully or fairly presenting the defense."  *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).  Objector bears the burden of proof by clear and convincing evidence.  *Id.*

Objector has not presented any evidence that the alleged fraud was perpetrated by Plaintiff, and has not indicated that she has any defense against Plaintiff's foreclosure claim.

For the foregoing reasons, the Objection is overruled.

**IT IS SO ORDERED**.

Dated: December 19, 2017

_____
Hon. M. James Lorenz
United States District Judge