UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE BANK OF TEXAS,<br><br>                           Plaintiff,<br>v.<br><br>SAM PARABIA, *ET AL.*,<br><br>                          Defendants. | Case No.: 14-cv-3031-L-KSC<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANTS PERIN AND SAM PARABIA'S MOTION TO SET ASIDE DEFAULT JUDGMENT [Doc. No. 284]; AND**<br><br>**(2) DENYING DEFENDANTS PERIN AND SAM PARABIA'S MOTION FOR TEMPORARY RESTRAINING ORDER [Doc. No. 285]** |

     By order filed September 15, 2017, the Court granted Plaintiff's motions for default judgment against Defendants Sam and Perin Parabia, Farzin Morena ("Morena") and Ayer Capital Advisors, Inc. ("Ayer"), thus allowing judicial foreclosure sale of the residence owned by Defendants Parabia to go forward. (Doc. No. 84 (the "September 15, 2017 Order")). Subsequently, the Court overruled Perin Parabia's Objection to U.S. Marshal's Sale (Doc. No. 164 (the "December 19, 2017 Order"). On October 4, 2019, Defendants Perin and Sam Parabia filed a Motion to Set Aside Default and Default Judgment based on Federal Rules of Civil Procedure 60(b)(3) and (5). *See* Doc. 284-1. Also, Defendants filed

a motion for a Temporary Restraining Order seeking to stay the October 9, 2019 sale of the Parabia residence (7213 Romero Drive, La Jolla, California). For the reasons stated below, both motions are DENIED.

I. **BACKGROUND**

In 2009, National Republic Bank of Chicago ("Republic") extended a home loan to the Parabias for $1 million. The loan was accompanied by a promissory note and secured by a deed of trust ("Deed of Trust") on the property located at 7213 Romero Drive in La Jolla, California ("Property"). The Federal Deposit Insurance Corporation ("FDIC") took receivership of Republic. On October 24, 2014, Plaintiff acquired Republic's assets from the FDIC, including all rights to the Parabias' loan, promissory note and deed of trust.

Shortly thereafter, Plaintiff filed this action for judicial foreclosure against the Parabias, who were in default. In July 2015, the parties settled. On July 7, 2015, they filed a Stipulation for Entry of Judgment of Foreclosure and Order of Sale ("Stipulation"), together with the underlying Settlement Agreement and Mutual Release ("Settlement") (*See* doc. no. 27 & 27-1.) The Court approved the Stipulation and entered Order Granting Joint Motion for Judgment of Foreclosure and Order of Sale. (Doc. No. 28.)

On March 1, 2016, a day before foreclosure, Citizens Business Bank ("Citizens") filed a Judgment Lienholder's Objection to U.S. Marshal's Sale, claiming to hold a lien on the Property. (Doc. No. 48). On March 25, 2016, Plaintiff filed a motion to vacate the judgment because, in preparation for the sale, it discovered that in addition to Citizens, Morena and Ayer also held liens on the Property. (Doc. Nos. 51 & 53.) The judgment was vacated, and Plaintiff filed the Verified Second Amended and Supplemental Complaint for Judicial Foreclosure on Deed of Trust ("Second Amended Complaint") against the Parabias, Morena, Ayer and Citizens for judicial foreclosure free and clear of junior liens. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

Of all Defendants, only Citizens appeared in response to the Second Amended Complaint. Defaults were entered against the Parabias, Morena and Ayer. Plaintiff filed

a motion for default judgment against the non-appearing Defendants, and a summary judgment motion against Citizens, seeking a finding that Citizens' lien is junior to Plaintiff's. On September 15, 2017, the motions were granted. The Court found that Plaintiff held a lien senior to the Citizens' lien, and entered default judgment against the remaining Defendants. This allowed Plaintiff to seek a writ of execution and proceed with the U.S. Marshal's sale.

On November 13, 2017, Perin Parabia filed the Objection, requesting that the default and judgment of sale be set aside pursuant to Federal Rules of Civil Procedure 55(c) and 60(b)(1). The December 19, 2017 order overruled Defendant Parabia's objections. On the eve of the sole of the Parabia residence, Defendants Perin and Sam Parabia filed a Motion to Set Aside Default and Default Judgment based on Federal Rules of Civil Procedure 60(b)(3) and (5). Also, Defendants filed a motion for a Temporary Restraining Order seeking to stay the October 9, 2019 sale of the Parabia residence.

## II. DISCUSSION

### A. Rule 60(b)(3)

Under Federal Rule of Civil Procedure 60(c)(1), a rule 60(b)(3) motion must be made within a reasonable time and no later than a year after entry of the judgment or order. "To prevail [under Rule 60(b)(3)], the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)). The instant motion attempts to set aside the September 15, 2017 default judgment on the basis of fraud. However, the instant motion is untimely as it was not filed in a reasonable amount of time, clearly beyond the one year deadline. Notwithstanding, the Court finds that Defendants have not provided clear and convincing evidence that the default judgment

was obtained by fraud. Accordingly, Defendants' motion to set aside the default judgment on Rule 60(b)(3) grounds is DENIED.

### B. Rule 60(b)(5)

A court may relieve a party from a final judgment or order if "the judgment has been satisfied, released, or discharged[.]" Fed. R. Civ. P. 60(b)(5). Defendants assert, "the matter had been settled [by] mutual agreement between Sam Parabia and State Bank of Texas on January 21, 2016." Doc. 284-1 at 5. Defendant further claim that Chan Patel, acting as Chairman of State Bank of Texas, entered into a novation to the note and deed of trust on the Parabia residence, in which the foreclosure matter would be settled upon Mr. Parabia's payment of "2,4211,740 [sic] Indian Rupees[] ($357,000.00)[.]" *Id.* Defendants rely on four exhibits to demonstrate satisfaction of the judgment. *See* Doc. No. 284-2. However, upon review, the Court finds that none of these documents demonstrate satisfaction of either the default judgment or the underlying foreclosure matter. In fact, the Parabia residence is not even mentioned these documents. As such, the Court further finds that Defendants have not carried their burden. *See Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992). Accordingly, Defendants' motion to set aside the default judgment on Rule 60(b)(5) grounds is DENIED.

### C. Motion for Temporary Restraining Order

Federal Rule of Civil Procedure 65 provides authority to issue preliminary injunctions or temporary restraining orders. The purpose of these orders is to preserve the status the parties' relative positions until a full trial on the merits can be conducted. *See Univ. of Texas v. Camenish*, 451 U.S. 390, 395 (1981). Generally, a plaintiff "must establish that he is [1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2001). Plaintiff fails to establish a likelihood of success or that a temporary restraining or serves the public interest. As such, denial of

4

14-cv-3031-L-KSC

Defendants' motion is required. Accordingly, Defendants' motion for a temporary restraining order is DENIED.

**IT IS SO ORDERED**.

Dated: October 8, 2019

Hon. M. James Lorenz
United States District Judge