UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE BANK OF TEXAS,<br><br>         Plaintiff,<br><br>v.<br><br>SAM PARABIA, *et al.*,<br><br>         Defendants. | Case No.: 14-cv-3031-L-DHB<br><br>**ORDER REGARDING ORDER TO SHOW CAUSE** |

On October 16, 2019, the Court granted Plaintiff's motion for a temporary restraining order relative to the judicial foreclosure of Defendants' residence. (*See* doc. no. 295 ("TRO").) Among other things, the TRO ordered Defendants to show cause why its terms should not stay in effect during the entire redemption period following judicial foreclosure. (*Id.* at 12-13.)[1] Defendants timely filed their response (doc. no. 298) and Plaintiff replied (doc. no. 300).

Defendants object to the TRO only insofar as it requires them to pay rent while they remain in possession of the property during the period of redemption. Payment of rent was ordered pursuant to California Code of Civil Procedure Section 729.090(a)

---

[1] Page numbers are assigned by the Electronic Case Filing System.

1

which provides that "[f]rom the time of the sale until a redemption, the purchaser is entitled to receive from the person in possession . . . the value of the use and occupation of the property." Defendants point to section 1161a(b), pertaining to unlawful detainers. Cal. Civ. Proc. Code §1161a(b). Section 1161a(b) speaks to obtaining possession rather than payment of rent during the redemption period and is therefore not on point. Defendants are obligated to pay for use and occupation of the property during the redemption period. *Id.* §729.090(a).

In its reply, Plaintiff goes a step further by requesting the Court to set the rent at $20,000 per month. This issue is raised for the first time in the reply. It is inappropriate to raise new issues in the reply, because it deprives the opposing party of an opportunity to respond. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.") The Court therefore declines to rule on the amount of rent at this time. If the parties are unable to reach an agreement, Plaintiff must file an appropriate motion.

For the foregoing reasons, the terms of the Order Granting Ex Parte Application by Plaintiff State Bank of Texas (doc. no. 295) shall remain in effect during the entire redemption period as provided therein.

**IT IS SO ORDERED.**

Dated: November 29, 2019

_____
Hon. M. James Lorenz
United States District Judge