UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE BANK OF TEXAS,<br><br>                              Plaintiff,<br>v.<br><br>SAM PARABIA, *ET AL.*,<br><br>                              Defendants. | Case No.: 14-cv-3031-L-KSC<br><br>**ORDER DENYING MOTION TO QUASH WRIT OF POSSESSION** |

      Pending before the Court is Defendants' motion to quash writ of possession (doc. no. 319). Plaintiff filed an opposition and Defendants replied. For the reasons stated below, the motion is denied.

      By order filed September 15, 2017, the Court granted Plaintiff's motions for summary adjudication against Defendant Citizens Business Bank and default judgment against Defendants Sam and Perin Parabia, Farzin Morena and Ayer Capital Advisors, Inc., thus allowing judicial foreclosure sale of the residence owned by Defendants Parabia to go forward. (Doc. no. 84.) Judgement was issued the same day. (Docs. no. 85, 86.)

      In an apparent effort to delay, Defendants Parabia (hereinafter "Defendants") filed a motion to reconsider, two bankruptcy proceedings, a state court action, a motion to reconsider the default judgment entered in this case, and a motion for a temporary

1

restraining order.  Accordingly, a judicial foreclosure sale was not held until October 9, 2019.

Plaintiff was the successful bidder at the foreclosure sale and became the purchaser of Defendants' property.  Because the property was sold subject to the right of redemption, Defendants retained a right to stay in possession for 90 days.  During this period, Defendants refused Plaintiff's inspection of the property, necessitating the filing of a motion for a temporary restraining order.  (*See* doc. no. 295.)  Defendants did not object to the restraining order, except insofar as it required them to pay rent during their possession.  (*See* doc. no. 299.)  Although the Court found that they were required to pay rent pursuant to California Code of Civil Procedure § 729.090 (doc. no. 307), as of the end of the redemption period on January 8, 2020, they had paid none (doc. no. 329-3 ("Hunt Decl.") at 3 & Ex. 7.)

On January, 17, 2020, after the expiration of the redemption period, the U.S. Marshal recorded the Deed of Sale of the property.  On January, 21, 2020, Defendants served a 3-Day Notice to Quit and a Notice to Any Renters.  (Hunt Decl. at 2 & Exs. 3-5.)  On the same day and again on January 27, 2020, Plaintiff's counsel contacted Defendants' counsel inquiring whether Defendants had vacated the property at the end of the redemption period or would be willing to vacate voluntarily, and attached the 3-Day Notice to Quit and Notice to Any Renters.  (*Id.* at 2 & Exs. 7, 8.)  Defendants' counsel did not respond.  (*Id.* at 3.)

On January 29, 2020, Plaintiff sought a writ of possession from the Court, which was issued the next day.  (Doc. no. 316.)  On February 19, 2020, Rajesh Patel, receiver for the property, together with two U.S. Marshal's deputies went to the property, which appeared unoccupied.  (Doc. no. 329-12 ("Patel Decl.") at 2.)  The deputies authorized the locksmith to change locks and thus allow Plaintiff to take possession.  (*Id.*)

Pending before the Court is Defendants' motion to quash writ of possession because they want to challenge validity of the judicial foreclosure sale in an unlawful

///

2

14-cv-3031-L-KSC

detainer proceeding, which they claim Plaintiff must file before it can obtain a writ of possession. The Court disagrees because none of Defendants' contentions support setting aside the sale, and because an unlawful detainer judgment is not required for this Court to issue a writ of possession.

First, Defendants contend that the sale was invalid because they did not get proper notice of their right of redemption. Defendants' reliance on *Multani v. Witkin & Neal*, 215 Cal.App.4th 1428 (2013), for the proposition that the sale of their property can be set aside on this ground, is unavailing. Unlike a non-judicial foreclosure sale at issue in *Multani*, a judicial foreclosure sale at issue here may be set aside subject to California Code of Civil Procedure 701.680, which provides in pertinent part:

> (a) Except as provided in paragraph (1) of subdivision (c), a sale of property pursuant to this article is absolute and shall not be set aside for any reason.
>
> [¶]
>
> (c) If the sale was improper because of irregularities in the proceedings, because the property sold was not subject to execution, or for any other reason:
>
> (1) The judgment debtor . . . may commence an action within 90 days after the date of sale to set aside the sale if the purchaser at the sale is the judgment creditor. . . . [I]f the sale is set aside, the judgment of the judgment creditor is revived to reflect the amount that was satisfied from the proceeds of the sale and the judgment creditor is entitled to interest on the amount of the judgment as so revived as if the sale had not been made. . . .

Plaintiff, who purchased the property, is the judgment creditor. Defendants have not commenced an action to set aside the sale, nor, given their multi-year history of non-payment, does it appear that they would be able to satisfy the judgment which would be immediately revived if the sale were set aside. After the expiration of the 90-day period, the sale "is absolute and may not be set aside for any reason." *First Fed. bank of Cal. v. Fegen,* 131 Cal. App. 4th 798, 801 (2005).

///

3

14-cv-3031-L-KSC

Moreover, even if this were a non-judicial trustee's foreclosure sale, and therefore subject to strict compliance with statutory requirements, *see Multani*, 215 Cal. App. 4th at 1448, Defendants would not have met the burden.

> To set aside a foreclosure, a plaintiff must generally establish three elements: "(1) the trustee . . . caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale . . . was prejudiced or harmed; and (3) in cases where the trustor . . . challenges the sale, the trustor . . . tendered the amount of the secured indebtedness or was excused from tendering."

*Id.* at 1449 (ellipses in original).

Defendants contend the sale should be set aside for failure to receive notice of the right of redemption pursuant to California Civil Procedure Code § 729.050, as was the case in *Multani*. Unlike in *Multani*, Plaintiffs provided evidence that Defendants received repeated actual notice of their right of redemption, including that the order granting default judgment stated the sale was subject to the right of redemption (doc. no. 84 at 9, 11); on the day of the sale, Plaintiff's counsel informed Defendants' counsel that they had a 90-day right of redemption (doc. no. 329-3 Ex. 1); and the order granting Plaintiff's motion for a temporary restraining order stated the redemption period would expire on January 8, 2020 (doc. no. 295 at 1, 11). Accordingly, the sale conducted pursuant to the Court's order was not "illegal, fraudulent, or willfully oppressive." Defendants were not prejudiced because they received actual notice. Finally, they have not shown that they could tender the amount they owe Plaintiff. Defendants have therefore not shown could meet any of the requirements enumerated in *Multani*.

Alternatively, Defendants claim that they could set aside the sale because they were entitled to a 1-year redemption period rather than 90 days. Defendants were on notice since the date of sale that they had a 90-day period of redemption. Although they had several opportunities to object, they have not done so. (*See* docs. no. 299 at 1; 312 at
/ / /

2.) Moreover, their argument is negated by California Civil Procedure Code § 729.030, which provides as follows:

> The redemption period during which property may be redeemed from a foreclosure sale under this chapter ends:
>
> (a) Three months after the date of sale if the proceeds of the sale are sufficient to satisfy the secured indebtedness with interest and costs of action and of sale.
>
> (b) One year after the date of sale if the proceeds of the sale are not sufficient to satisfy the secured indebtedness with interest and costs of action and of sale.

The Court has made a finding that the judgment was satisfied in full and Plaintiff was not seeking a deficiency judgment against Defendants. (Doc. no. 312 at 2-3.) Accordingly, their argument that the sale could be set aside because they are entitled to a 1-year redemption period is rejected.

Finally, underlying all of Defendants' arguments is the contention that the writ should be recalled because Plaintiff was required to file an unlawful detainer action before it could receive a writ of possession. This is not the case:

> After entry of a judgment for possession or sale of property, a writ of possession or sale shall be issued by the clerk of the court upon application of the judgment creditor . . ..

Cal. Code Civ. Proc. § 712.010.

Contrary to Defendants' contentions, a judgment for sale of property was entered in this case based on the order granting Plaintiff's motion for default judgment. The order expressly provided for foreclosure of the deed of trust, and ordered U.S. Marshal, after the expiration of the right of redemption, to execute a deed of sale to the purchaser, who could then take possession of the property. (Doc. no. 84 at 10-11 (order); *see also* doc. no. 86 (judgment).) Plaintiff was the successful bidder and purchased the property /

///

5

14-cv-3031-L-KSC

at the U.S. Marshal's sale.  Defendants did not redeem the property.  After the expiration of Defendants' period of redemption, U.S. Marshal recorded the deed of sale.  Plaintiff was therefore entitled under section 712.010 to obtain a writ of possession from the Clerk of Court.

For the foregoing reasons, Defendants' motion to quash is denied.

**IT IS SO ORDERED**.

Dated:  March 17, 2020

_____
Hon. M. James Lorenz
United States District Judge