UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| STATE BANK OF TEXAS, | Case No.:  14-cv-3031-L-DHB |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| SAM PARABIA, *ET AL.*, | |
| Defendants. | |

On March 29, 2021, the Court granted Plaintiff's Motion for Sanctions Against Stephen F. Lopez, Esq. under 28 U.S.C. § 1927. (Docs. no. 334, 346.) The Court found that the requirements for sanctions against defense counsel Lopez were met but reserved the issue of the amount of attorneys' fees because Plaintiffs' evidence was insufficient to perform a lodestar analysis. (Doc. no. 346 ("Order").) The Court requested additional evidence and supplemental briefing. (*Id.*)

Pending before the Court is Plaintiff's supplemental briefing (docs. no. 347, 349) and Lopez' responses (docs. no. 348, 351.) Immediately after Lopez filed his sur-reply, he also filed a notice of appeal  appealing the Order. (Doc. no. 352.) On June 17, 2021, the appeal was dismissed by joint motion. (Doc. no. 356.) Upon consideration of the record, Plaintiff is awarded **$19,575** in reasonable attorneys' fees against Lopez pursuant to 28 U.S.C. § 1927.

Based on extensive analysis of the record, the Court found that Lopez unreasonably and vexatiously multiplied proceedings in this action by advancing frivolous arguments and stonewalling reasonable efforts to meet and confer for the improper purpose of delay and interference with Plaintiff's rights after foreclosure. (Order at 1-14.) Under 28 U.S.C. § 1927, Plaintiff was entitled to reasonable attorneys' fees for performing tasks, listed in the Order, which were necessitated by Lopez's sanctionable conduct. (*Id.* at 15.) Because Plaintiff had submitted insufficient evidence to determine whether its request for $23,872.50 in fees was reasonable, the amount of reasonable fees was reserved for supplemental briefing. (*Id.* at 15-16.) The facts and analysis set out in the Order are incorporated herein by reference.

Plaintiff submitted supplemental briefing, including billing records and increased its fee request to $39,964.40. Lopez opposes initially by denying that he engaged in any sanctionable conduct at all, or alternatively, that his conduct leading to the tasks itemized in the Order was not sanctionable.

The Court declines to revisit the issue whether Lopez engaged in sanctionable conduct, as he presents no new evidence or argument, and the issues are already thoroughly addressed in the Order. This order addresses solely the reasonableness of the *amount* Plaintiff's fee request.

Section 1927 sanctions must be reasonable. *See* 28 U.S.C. § 1927. Reasonable attorneys' fees are determined by following the lodestar approach. *Mirch v. Frank*, 266 Fed. Appx. 586, 588 (9th Cir. 2008) (citing *Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 622 (9th Cir. 1993)).[1] Under this approach, the court calculates the presumptively reasonable lodestar figure by multiplying the hours reasonably spent in countering sanctionable conduct by a reasonable hourly rate. *Mirch,* 266 Fed. Appx. at 588; (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433-34 (1983)). The Court may also consider a departure from

---

[1] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

the lodestar by analyzing the factors enumerated in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69-70 (9th Cir. 1975). *See Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1212 (9th Cir. 1986). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433.

Plaintiff's requested amount has increased substantially since its initial motion. In part, the increase is due to the inclusion of fees incurred for supplemental briefing. Because supplemental briefing was necessitated by counsel's own error rather than Lopez's sanctionable conduct, the request to add those fees is denied.

The increase is also in part due to Plaintiff's increase in the requested hourly rates. In its initial motion, Plaintiff claimed under oath that a reasonable hourly rate for Lawrence Hilton was $375, and for Robert Hunt $300. (*See* doc. no. 334-11 at 2.) In supplemental briefing Plaintiff requests higher hourly rates: $467 for Hilton, and $375 for Hunt. (Doc. no. 347 at 2-4.)

> [T]he district court must determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees. [D]etermining a reasonable or prevailing rate of compensation is inherently difficult. [It] is not made by reference to rates actually charged the prevailing party. In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.

*Chalmers*, 796 F.2d at 1210-11. "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services." *Intel Corp.,* 6 F.3d at 622.

With supplemental briefing, Plaintiff filed a one-page excerpt from an attorney fee research report to argue that the higher requested hourly rates are reasonable. (*See* docs. no. 347-1 ("Hilton Decl.") at 1-2; 347-4 ("Hunt Decl.") at 1-2; 347-2 ("Report Excerpt").) Neither the Report Excerpt nor the declarations show that the cited rates are for similar services, *i.e.*, real estate, foreclosure, or debtor/creditor practice area. (*Cf.*

Hilton Decl. at 1 ("According to the 2018 *Real rate Report,* in the year 2018, for attorneys (a) who were partners, (b) practiced in San Diego, and (c) who had more than 21 years of experience, the hourly rate for attorneys in the median was $467, and the hourly rate for attorneys in the third quartile (more sophisticated work) was $980."); Hunt Decl. at 1 (same); Report Excerpt (not specifying any area of practice).)  Further, Hilton and Hunt have presented no evidence to show that they have developed a specialty in real estate, foreclosure, or debtor/creditor law.  Both state that lender/borrower disputes are only one of their practice areas practice, rather than a specialty.  (Hilton Decl. at 2; Hunt Decl. at 2.)  But for Defendants' vexatious tactics, this would be an ordinary judicial foreclosure action.  The underlying facts did not involve any sophisticated or complex lending, foreclosure, or real estate transactions.  Based on Plaintiff's prior representation under oath that the lower hourly rates are reasonable, and given the skill required and displayed to prosecute this action, the Court finds that the lower hourly rates ($300 for Hunt, and $375 for Hilton) are reasonable under the circumstances of this case.

The Court has reviewed Plaintiff's billing statements (doc. no. 349-2) in light of the tasks found to have been necessitated by Lopez's sanctionable conduct (*see* Order at 15).  To arrive at a reasonable number of hours, the Court excluded the hours which appeared to be duplicative or excessive relative to the task.  The areas where hours were reduced were primarily with regard to drafting ex parte application for writ of possession, opposition to motion to quash writ of possession, and drafting of the motion for sanctions.  Based on the foregoing, the Court finds the lodestar is **$19,575**.

Plaintiff suggests that the Court should use a multiplier to increase the fee award. The lodestar is presumptively reasonable.  *Mirch,* 266 Fed. Appx. at 588; (citing *Hensley,* 461 U.S. at 433-34).  It may be adjusted by an appropriate positive or negative multiplier using *Kerr* factors if necessary to achieve reasonableness:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations

imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[ ]

*Kerr v. Screen Extras Guild, Inc.*, 526 F.3d 67, 70 (9th Cir. 1975)).  Because "[m]any of these factors are subsumed within the calculation of hours reasonably expended at a reasonable rate[, . . .] the *Kerr* factors only warrant a departure from the lodestar in rare and exceptional cases." *In re Bluetooth Headset Prod. Liability Litig.*, 654 F.3d 935, 942 n.7 (9th Cir. 2011).

Under the circumstances of this case, the *Kerr* factors are subsumed in the lodestar. Plaintiff cites Lopez' vexatious conduct as a reason to enhance the fee request. (*See* doc. no. 347 at 7-8.)  Without this, however, Plaintiff would not be entitled to any sanctions at all.  Plaintiff's request for a fee enhancement is denied.  The Court finds that **$19,575** represents reasonable attorneys' fees.

For the foregoing reasons, no later than **August 9, 2021**, Attorney Stephen Lopez shall pay Plaintiff the sum of **$19,575** as sanctions pursuant to 28 U.S.C. § 1927.

**IT IS SO ORDERED.**

Dated: August 6, 2021

_____
Hon. M. James Lorenz
United States District Judge